UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH AUGUSTINE, | ) No. C 08-5676 CW (PR) |
| Petitioner, | ) ORDER DENYING PETITION FOR A |
| | ) WRIT OF HABEAS CORPUS |
| v. | ) |
| ROBERT L. AYERS, Warden, | ) |
| Respondent. | ) |

## INTRODUCTION

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 1992, a Riverside County Superior Court jury convicted Petitioner of second degree murder, and Petitioner was sentenced to fifteen years to life in state prison.  In 2007, the Board of Parole Hearings (Board) found Petitioner unsuitable for parole on grounds that he "would pose an unreasonable risk of danger to society and or a threat to public safety if released from prison." (Ans., Ex. 2 at 122.)  In response to the Board's decision,

Petitioner sought, but was denied, relief on state collateral review.  This federal habeas petition followed.  As grounds for federal habeas relief, Petitioner alleges that the Board's decision denying parole violated his right to due process because the decision was not supported by some evidence.

STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

2

prisoner's case."  Id. at 413.  The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision.  Id. at 412.

## DISCUSSION

Petitioner claims that the Board's decision denying parole violated his right to due process because the decision was not supported by some evidence, a requirement under California law. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U. S. 1, 7 (1979).  "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures." Swarthout v. Cooke, No. 10-333, slip op. 1 at 4 (U.S. January 24, 2011).  The procedures required are "minimal."  Id.  A prisoner receives adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why."  Id. at 4-5.  "The Constitution does not require more."  Greenholtz, 442 U.S. at 16.

In the instant matter, Petitioner received at least the required amount of process.  The record shows that he was allowed to speak at his parole hearing and to contest the evidence

3

against him, that he had received his records in advance, and that he was notified of the reasons parole was denied. Having found that Petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. Cooke, No. 10-333, slip op. at 5. Petitioner's claim that the Board's decision was not supported by California's "some evidence" rule of judicial review is of "no federal concern." Id. at 6.

Based on the foregoing, the petition is DENIED.

CONCLUSION

The state court's denial of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent, and close the file.

IT IS SO ORDERED.

DATED: 2/14/2011      
                     CLAUDIA WILKEN

```
                            United States District Judge
```

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEITH AUGUSTINE,

        Plaintiff,

v.

ROBERT L. AYERS et al,

        Defendant.

Case Number: CV08-05676 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith  Augustine H-52270
4N65 u
San Quentin State Prison
San Quentin,  CA 94974

Dated: February 14, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk